# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ERNEST E. FLETCHER,

          Plaintiff,

vs.                                              Case No. 3:11-cv-665-J-JRK

MICHAEL ASTRUE,
Commissioner of Social Security,

          Defendant.
_____/

## OPINION AND ORDER[1]

### I. Status

Ernest E. Fletcher ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB"). His alleged inability to work was based on "anxiety" and "chronic back pain with muscle spasms." Transcript of Administrative Proceedings (Doc. No. 6; "Tr."), filed September 16, 2011, at 57; see also Tr. at 59 (attributing disability to "anxiety" and "lower back disorder"). On February 12, 2008, Plaintiff filed an application for DIB, alleging an onset date of June 5, 2005. Tr. at 156-57. Plaintiff's application was denied initially, Tr. at 71-73, and was denied upon reconsideration, Tr. at 74-76. Plaintiff was insured for DIB through March 31, 2010. Tr. at 15.

On March 31, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff testified. Tr. at 42-55. Apparently, prior to that hearing, the ALJ had ordered an

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 7), filed September 19, 2011; Reference Order (Doc. No. 9), entered September 21, 2011.

orthopedic consultative examination of Plaintiff. See Tr. at 50. The physician who examined Plaintiff, however, was not an orthopedist. See Tr. at 51. The ALJ considered this a "staff error," Tr. at 51, 52, and he indicated at the hearing that he would order a new orthopedic consultative examination, Tr. at 52, 55.

On June 7, 2010, a supplemental hearing was held, during which Plaintiff and a medical expert, Charles Hancock, M.D., testified. Tr. at 24-41. At the outset of the supplemental hearing, Plaintiff's counsel asked the ALJ why an orthopedic consultative examination was never ordered after the first hearing. Tr. at 27-28. The ALJ responded that he "determined in the interim it was more, that it would be preferable to have an orthopedic medical expert instead." Tr. at 27. At the conclusion of the supplemental hearing, after hearing testimony from the medical expert, the ALJ stated, "Counsel, to be totally fair to your client, I'm going to order another consultative examination with an orthopedist. And I'm not exactly sure why that was not done in the past, but we'll see if we can do that again." Tr. at 40-41.

Without an orthopedic consultative examination having taken place, on August 18, 2010, the ALJ issued a Decision finding Plaintiff not disabled. Tr. at 15-23. On May 12, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's written Decision the final decision of the Commissioner. On July 6, 2011, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff raises three (3) issues. First, Plaintiff argues the ALJ erred "by failing to obtain an orthopedic consultative examination after promising [Plaintiff] he would obtain said

examination at his hearing." Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. No. 11; "Pl.'s Mem."), filed November 16, 2011, at 1. Second, Plaintiff contends the ALJ failed to "properly evaluate the medical opinion evidence from Dr. Findley, [Plaintiff's] treating physician, pursuant to the Commissioner's rulings and regulations and the applicable Eleventh Circuit legal authority." Id. Third, Plaintiff asserts the ALJ's residual functional capacity ("RFC") is not "supported by substantial evidence in light of the fact that a physician's opinion that the ALJ provided 'significant weight' to is more limiting than the [RFC] finding of the ALJ." Id. at 2.

In response, Defendant contends that "the ALJ fully and fairly developed the record, and he was not required to obtain a consultative orthopedic examination." Memorandum in Support of the Commissioner's Decision (Doc. No. 14; "Def.'s Mem."), filed February 3, 2012, at 3 (emphasis omitted). As to the treating physician's opinion, Defendant argues the ALJ clearly articulated good cause reasons for providing less than substantial weight to the opinion. See Def.'s Mem. at 7-11. Finally, Defendant argues the ALJ's RFC is supported by substantial evidence, as is the ALJ's reliance on two medical opinions which both "suggested that Plaintiff could perform a reduced range of light work, albeit their opinions differed on Plaintiff's capacity to stand and walk." Id. at 12.

Regarding Plaintiff's first issue, the undersigned finds that given the ALJ's repeated assurances that an orthopedic consultative examination would be ordered, yet no examination occurred, this matter is due to be reversed and remanded so an examination can take place. Because the matter is due to be reversed and remanded on the first issue, and because the ALJ's consideration of the medical opinion issued after the orthopedic

consultative examination may have an impact on the factual findings at which issues two and three are aimed, issues two and three are not addressed herein. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-23. At step one, the ALJ observed that Plaintiff "did not engage in substantial gainful activity during the period

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

from his alleged onset date of June 5, 2005 through his date last insured of March 31, 2010." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that "[t]hrough the date last insured, [ Plaintiff] had the following severe impairment: status post lumbar fusion." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 17 (emphasis and citation omitted).

The ALJ determined that, through the date last insured, Plaintiff had the RFC to perform as follows:

> [Plaintiff could] lift and carry up to 20 pounds occasionally and up to 10 pounds frequently, c[ould] stand/walk/sit in combination for at least six out of eight hours with normal breaks, no climbing of ladders, ropes or scaffolds, occasional climbing of ramps and stairs, occasional bending and stooping, crouching, kneeling and crawling, no exposure to vibration or work at unprotected heights.

Tr. at 17-18 (emphasis and citation omitted). At step four, the ALJ found that "[t]hrough the date last insured, [ Plaintiff] was unable to perform any past relevant work" as a "trailer mechanic." Tr. at 22 (emphasis and citation omitted). The ALJ indicated that "[t]hrough the date last insured, considering [ Plaintiff's] age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that [ Plaintiff] could have performed."[3] Tr. at 23 (emphasis and citation omitted). The ALJ concluded that Plaintiff "was not been under a disability . . . at any time from June 5, 2005, the alleged onset date, through March 31, 2010, the date last insured." Tr. at 23 (emphasis and citation omitted).

---

[3] The ALJ did not identify any specific jobs.

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV. Discussion

At issue is whether the ALJ's failure to order an orthopedic consultative examination–despite his assurances that he would do so–prejudiced Plaintiff. See Pl.'s Mem. at 12-14. The Commissioner argues no prejudice exists because "[t]he ALJ fully and

fairly developed the record, and [the ALJ] was not required to obtain a consultative orthopedic examination" because the record contains sufficient evidence for the ALJ to make an informed decision.  Def.'s Mem. at 3 (emphasis omitted); see also id. at 3-7.

Apparently, prior to the first hearing held on March 31, 2010, the ALJ ordered an orthopedic consultative examination of Plaintiff.  See Tr. at 50.  Instead of being examined by an orthopedist, Plaintiff was examined by a physical medicine and rehabilitation physician, Robert B. Deghan, M.D.  See Tr. at 50, 51; see also Tr. at 453-55.  At the first hearing, the ALJ indicated that he was unsure why Plaintiff "wasn't sent to an orthopedist," Tr. at 50, but he opined that it was "a staff error," Tr. at 51, 52.  After discussing the matter with Plaintiff's counsel, the ALJ stated, "Well, I am going to order a new consultant examination with an orthopedist."  Tr. at 52.  The first hearing was concluded with the ALJ stating, "All right, let's see what the new consultant examination says and then we will issue a decision very quickly."  Tr. at 55.

At the supplemental hearing on June 7, 2010, the ALJ informed Plaintiff that he had "determined in the interim it was more, that it would be preferable to have an orthopedic medical expert instead" of an orthopedic consultative examination.  Tr. at 27.  Plaintiff's counsel questioned this determination and indicated his belief "that there's a big difference between someone examining a person and someone, you know, reviewing records . . . ."  Tr. at 28.  Plaintiff's counsel also suggested that many factors went into the ALJ's previous decision to order a consultative examination, including Plaintiff's lack of recent treatment and the need for having "an updated exam."  Tr. at 28.  Apparently, Plaintiff's "lack of insurance and funds," Tr. at 28, made it difficult for him to obtain treatment and an updated examination

-7-

on his own.  See Pl.'s Mem. at 14.  The ALJ responded to Plaintiff's counsel's suggestion that "[t]here may have been other, another factor in regard to obtaining an orthopedic specialist for a [consultative examination]. I'm not sure, but we'll, we'll look into that." Tr. at 28.  At the conclusion of the supplemental hearing, it seemed the ALJ believed that an orthopedic consultative examination was necessary because he indicated he was "going to order" one.  Tr. at 41.  Evidently, however, the ALJ never ordered an examination and no such examination took place.  The ALJ did not explain in his Decision why an examination was not ordered subsequent to the supplemental hearing.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(a), (c)). While "[t]he [ALJ] has a duty to develop the record where appropriate[,]" the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1269 (11th Cir. 2007) (citing Doughty, 245 F.3d at 1281).  "In determining whether it is necessary to remand a case for development of the record, this [c]ourt considers 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" Brown v. Shalala, 44 F.3d 931, 934-35 (11th Cir. 1995). Prejudice exists when the record contains evidentiary gaps which may cause the ALJ to reach an unfair determination due to the lack of evidence. Id. at 935.

Upon consideration of the statements made by the ALJ at the first and supplemental hearings, it is clear the ALJ saw evidentiary gaps in the record necessitating an orthopedic consultative examination. Moreover, Plaintiff's counsel suggests that the evidentiary gaps exist, in part, because there was a lack of updated medical evidence based on Plaintiff's lack of insurance and funds. Pl.'s Mem. at 14 (indicating that Plaintiff did not incur additional costs of obtaining a consultative examination on his own in light of the ALJ's promise that one would be ordered for him); see also Tr. at 28. The ALJ's equivocal response to Plaintiff's counsel's suggestion indicates he was unsure of all the factors leading to his previous determination that an orthopedic consultative examination was necessary, but he assured Plaintiff that he would "look into that." Tr. at 28. At the conclusion of that hearing, the ALJ again stated he would order an orthopedic consultative examination. Tr. at 41. If the administrative transcript contained "sufficient evidence for the [ALJ] to make an informed decision," Ingram, 496 F.3d at 1269, the ALJ never would have ordered an orthopedic consultative examination or even considered ordering one. See 20 C.F.R. § 404.1519a(b).[4] Yet, an examination was ordered prior to the first hearing; further, the ALJ said he was going to order an examination at the conclusion of the first hearing and at the conclusion of the supplemental hearing. Based on the ALJ's statements, the undersigned infers that the ALJ recognized evidentiary gaps in the administrative transcript, which ultimately were never filled. With such gaps, it was not possible for the ALJ to render an "informed decision." Ingram, 496 F.3d at 1269.

---

[4] The Regulations instruct that the Social Security Administration "may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim." 20 C.F.R. § 404.1519a(b) (emphasis added).

The ALJ's determination at the supplemental hearing that he thought it more appropriate to have a medical expert testify was nullified by his statement at the conclusion of that same hearing (after hearing the medical expert's testimony) that he would again order a consultative examination. Additionally, as Plaintiff suggests, the ALJ's repeated assurances that a consultative examination would be ordered may have resulted in Plaintiff's counsel not obtaining such an examination and unintentionally may have misled Plaintiff, resulting in Plaintiff being prejudiced and most likely not being able to fully present his case to the ALJ. See Pl.'s Mem. at 14; see also Irby v. Barnhart, No. Civ.A. 04-3807, 2005 WL 2179691, at *1 (E.D. Pa. Sept. 7, 2005) (unpublished) (reversing and remanding because an ALJ failed to order a consultative evaluation–despite assurances that one would be ordered–and reasoning that the ALJ's statements "may have resulted in the [p]laintiff's counsel not exercising [the p]laintiff's right to complete the record on her own behalf by conducting a psychiatric evaluation," and the statements may have misled the plaintiff). The ALJ's failure to follow through with his expressed intent at the end of the supplemental hearing, coupled with the lack of explanation in his Decision of why an examination was not ordered, leaves the undersigned left to infer that evidentiary gaps exist in the administrative transcript and such gaps prejudice Plaintiff.

## V. Conclusion

In accordance with the foregoing, it is

**ORDERED:**

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision and **REMANDING** this matter with the following instructions:

(A)   Order an orthopedic consultative examination and supplement the administrative transcript as appropriate;

(B)   Reevaluate the medical opinion evidence of record, ensuring each medical opinion is considered in accordance with proper legal standards;

(C)   Ensure Plaintiff's other claims on appeal are properly resolved, if necessary; and

(D)   Take such other action as may be necessary to resolve this claim properly.

2.   The Clerk is directed to close the file.

3.   If benefits are awarded on remand, Plaintiff's counsel shall have thirty (30) days from receiving notice of the amount of past due benefits to seek the Court's approval of attorney's fees pursuant to 42 U.S.C. § 406(b).  See Bergen v. Comm'r Soc. Sec., 454 F.3d 1273 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida on September 24, 2012.

*/s/ James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

jld

Copies to:

Counsel of Record